UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-29-KAC-DCP |
| | ) | |
| CHRISTIAN MOORE, | ) | |
| CHRISTOPHER THOMPSON, | ) | |
| MARILYN KIRCHOFF, | ) | |
| and EDWARD CHARLES BLAIR, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Christian Moore's Unopposed Motion to Continue Trial Date and Relevant Deadlines [Doc. 37], filed on May 22, 2026.

Defendant Moore asks the Court to continue all deadlines and the trial in this case, which is currently set for June 23, 2026 [*Id.* at 1]. Defendant states that his counsel has been involved in a good faith effort to resolve his case, but that despite due diligence, additional time will be required to further communicate, discuss factual and legal issues, and confer with the Government regarding a potential resolution in the matter [*Id.* ¶ 1]. Defendant acknowledges he understands the period between the filing of the motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. Defendant's motion represents that the Government does not oppose this motion [*Id.* ¶ 4].

Codefendant Christopher Thompson represents that he has no objection to the continuance, as he is similarly situated in that his counsel needs additional time to review discovery and seek a

resolution in this matter [Doc. 54 p. 1]. Defendant acknowledges he understands the period between the filing of the motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id*].

Both counsel for Codefendant Kirchoff and counsel for Codefendant Blair confirmed to the Court via email that their clients are not opposed to the motion for continuance and understand and waive their speedy trial rights for the purposes of continuance.

Based upon the information in Defendant's motion and because the Government and Codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendants' counsel need additional time to review discovery, consider a resolution to this matter, and, if necessary, prepare for trial. The Court finds that this cannot occur before the June 23, 2026, trial date.

The Court therefore **GRANTS** Defendant Christian Moore's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 37**]. The trial date is reset to **October 6, 2026**. A new, comprehensive trial schedule is included below.[1] Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on May 22, 2026, and the

---

[1] The pretrial motion deadlines set for Codefendants Blair and Kirchoff at their Initial Appearance remain as scheduled [Docs. 42, 47].

Case 3:26-cr-00029-KAC-DCP    Document 56    Filed 06/08/26    Page 2 of 3    PageID #: 189

new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Christian Moore's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 37**] is **GRANTED**;

(2) the trial date is reset to commence on **October 6, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **May 22, 2026**, and the new trial date of **October 6, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 4, 2026**;

(5) the deadline for filing motions *in limine* is **September 21, 2026**, and responses to motions *in limine* are due on or before **September 29, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 24, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 25, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3